THE STATE OF OHIO, APPELLANT, *v.* BEASLEY, APPELLEE.

[Cite as State *v.* Beasley (1983), 4 Ohio St. 3d 24.]

(No. 82-378—Decided March 16, 1983.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Christian J. Schaefer* and *Ms. Melba Marsh,* for appellant.

*Mr. Hal R. Arenstein,* for appellee.

PUTMAN, J. We affirm the court of appeals because the undisputed facts as found by the trial court and recited in this decision establish conclusively the affirmative defense that the gun was lawfully being transported in a motor vehicle for a lawful purpose, not on the actor's person, but in a closed case.[4]

This being an affirmative defense, it is a logical truism that the General Assembly intended it to operate notwithstanding that the firearm is both concealed and also "ready at hand."

The trial court reasoned erroneously that the affirmative defense was not established because the state had proved the element of the crime "ready at hand."

Correctly speaking, had the concealed firearm not been "ready at hand" the accused would be entitled to acquittal because of a missing element in the state's case. It is not correct to characterize absence of proof of an element of the crime as an affirmative defense. Affirmative defenses are never in point unless all the elements of the state's case are first shown.

The instant weapon was concededly neither in plain sight, nor in the trunk of appellee's vehicle so that, as stated by the dissenting judge in the court of appeals, appellee's dependence was necessarily on R.C. 2923.16(C)(1), *viz.,* whether a thin plastic zippered pouch in which the weapon and its ammunition rested, and resembling an inexpensive cosmetics bag, was a "closed package, box, or case." The trial judge argued that it was not, stating:

"I believe it was the intent of the legislature in adopting all these rules, to prevent the weapon being readily available. It would be sheer foolishness to say that a box not secured in any way, just a cardboard carton with the lid folded over, excused a person from carrying a concealed weapon when that lid could be flipped up and the weapon obtained immediately.

---

[4] Accordingly, all four propositions of law articulated by the state which deal with the element of the crime "ready at hand" are inapposite and not reached.

"The intent of the legislature was to make certain that the weapon was not readily at hand, and the Court so interprets the provision of Section 2923.16."

The package, box, or case specified in R.C. 2923.16(C)(1) need only be "closed." In subdivision (C)(3) thereof the requirement of "secured" is specified. Had "secured" been intended to apply to the items in subdivision (C)(1), the General Assembly would have so stated.

Claims that plain legislative enactments are "sheer foolishness" are properly addressed to the General Assembly, not the judiciary.

As a matter of simple fair play in criminal practice, the law-abiding public is entitled to rely upon the common meaning of statutory words. Justice Oliver Wendell Holmes, speaking for the court in *McBoyle* v. *United States* (1931), 283 U.S. 25, 27, stated:

"* * * a fair warning should be given to the world in language that the world will understand * * *."

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, MAHONEY and C. BROWN, JJ., concur.

MAHONEY, J., of the Ninth Appellate District, sitting for LOCHER, J.

PUTMAN, J., of the Fifth Appellate District, sitting by assignment.

CELEBREZZE, C.J. I believe the decision of the court of appeals should be affirmed, but I reach my conclusion for reasons so dissimilar to the rationale of Judge Putman that I am constrained to write separately.

Judge Putman states that, "* * * the undisputed facts * * * establish conclusively the affirmative defense that the gun was lawfully being transported in a motor vehicle for a lawful purpose * * *." Thus, Judge Putman assumes that the state produced sufficient evidence of all the necessary elements of the offense of carrying a concealed weapon as defined in R.C. 2923.12(A). In my view, such an assumption is improper, because the preliminary issue of whether the state offered evidence sufficient to convince the finder of fact beyond a reasonable doubt of the existence of the necessary elements of the crime must first be resolved.

R.C. 2923.12(A) states that:

"No person shall knowingly carry or have, concealed on his person or concealed *ready at hand,* any deadly weapon or dangerous ordnance." (Emphasis added.)

There is no question that the appellee did not have the weapon concealed on her person. As such, it is clear that in order to convict under R.C. 2923.12(A), the state must prove beyond a reasonable doubt that the weapon was "ready at hand."

In the case *sub judice,* it is uncontroverted that this weapon was unloaded, inside a zippered pouch, and, in fact, disassembled. As recognized by the court of appeals below, it would have taken two hands and an appreciable length of time for appellee to remove the weapon from the pouch and to assemble and load it; all while continuing to drive her car. I do not believe the General Assembly intended that individuals be guilty of violating R.C. 2923.12 under such circumstances.

The Committee Comment to R.C. 2923.12 states:

"The section prohibits having or carrying any deadly weapon or dangerous ordnance, either concealed or on one's person, or concealed where it *may be readily picked up and used.*" (Emphasis added.)

Thus, the General Assembly has considered "ready at hand" with "may be readily picked up and used." In the instant cause, if appellee had "picked up" her weapon, it certainly would not have been capable of being "used" in its condition. Hence, there is insufficient evidence of record to sustain appellee's conviction. In this regard, there is no need whatsoever to reach the issue of the viability of appellee's affirmative defense.

Accordingly, for the reason that the state failed to prove an essential element of the offense, I would likewise affirm the court of appeals.

W. Brown, Sweeney and C. Brown, JJ., concur.

Clifford F. Brown, J., concurring. I concur separately expressing the view that the opinion of Judge Putman accurately determined that the undisputed facts found by the trial court conclusively establish the affirmative defense that the gun was lawfully transported for a lawful purpose, and that the opinion of Chief Justice Celebrezze accurately concludes that the state failed to prove beyond a reasonable doubt an essential element of the offense, namely, that the weapon was "ready at hand" within the meaning of R.C. 2923.12(A).

Holmes, J., concurs in judgment only.