The STATE of Ohio, Appellee,

v.

DAVIS, Appellant.

[Cite as *State v. Davis*, 166 Ohio App.3d 37, 2006-Ohio-1141.]

Court of Appeals of Ohio,
Third District, Marion County.

No. 9–05–34.

Decided March 13, 2006.

Clifford C. Spohn, for appellant.

Jim Slagle, Marion County Prosecuting Attorney, for appellee.

SHAW, Judge.

{¶ 1} The defendant, Thomas L. Davis, appeals the September 23, 2005, judgment of conviction and sentence and the October 5, 2005, nunc pro tunc entry entered in the Court of Common Pleas, Marion County, Ohio.

{¶ 2} On April 20, 2005, Davis was stopped for a traffic offense. During the stop, the arresting officer observed a black plastic handgun case on the driver's floorboard of the vehicle under Davis's legs. Upon inquiry by the arresting officer regarding the closed case, Davis advised that located in the case was an unloaded handgun and a loaded magazine. Davis was arrested and backup was called to the scene. Subsequently, the officer inspected the case and found a .380 High Point semiautomatic handgun which did not have any rounds in it. In addition, a loaded magazine was found beside the gun containing seven rounds. Furthermore, a box of .380 rounds was found in the center console of the vehicle.

{¶ 3} On May 4, 2005, Davis was indicted on one count of carrying a concealed weapon, a violation of R.C. 2923.12(A), a felony of the fourth degree. On June 14, 2005, a hearing was held and Davis waived his right to a jury trial. During this hearing, the parties provided a statement of the stipulated facts. The stipulation stated:

1. The arresting officer saw a case saying "High point" on it in the Defendant's vehicle.

2. The case was on the driver's floor board.

3. The Defendant upon being questioned advised he had a handgun and there was a loaded magazine in the closed case.

4. The closed case contained a 380 high point semi-automatic handgun.

5. The firearm was not loaded and next to it was the loaded magazine.

The parties then agreed that the only issue was "whether or not [the gun] was loaded or ammunition was ready at hand." Then the parties provided closing arguments and, following the hearing, submitted briefs discussing this particular issue.

{¶ 4} On August 2, 2005, a hearing was held by the trial court to inform Davis of its decision. The trial court held that "the firearm in this situation was ready at hand and therefore constituted a violation of the Carrying Concealed Weapons statute." Thus, the trial court found Davis guilty of carrying a concealed weapon. On September 20, 2005, the trial court held a sentencing hearing. Davis was sentenced to one year of community control, subject to the general provisions of the adult probation department, and fined $500.00. On September 23, 2005, the judgment entry for sentencing and conviction was filed. On October 5, 2005, a nunc pro tunc entry was filed to clarify that Davis was found guilty at a bench trial and did not plead guilty as stated in the September 23, 2005 judgment entry.

{¶ 5} On October 6, 2005, Davis filed a notice of appeal raising the following assignments of error:

### Assignment of Error 1

The court erred in disallowing the defendant's affirmative defense of lawful transport under R.C. 2923.16(C).

### Assignment of Error 2

The court erred in finding that the handgun was close at hand when the mere proximity of the weapon to the defendant was not the sole determinant of its capability of being readly [sic] used.

*Assignment of Error 3*

The court's finding of guilty is not supported by the stipulated facts and the law.

{¶ 6} In Davis's first assignment of error, he asserts that the trial court erred in not recognizing his affirmative defense of lawful transport pursuant to R.C. 2923.16(C). He argues that the affirmative defense is applicable to this case.

{¶ 7} Davis was convicted of carrying a concealed weapon in violation of R.C. 2923.12. R.C. 2923.12 states:

(A) No person shall knowingly carry or have, concealed on the person's person or concealed ready at hand, any of the following:

(1) A deadly weapon other than a handgun;

(2) A handgun other than a dangerous ordnance;

(3) A dangerous ordnance.

\* \* \*

(D) It is an affirmative defense to a charge under division (A)(1) of this section of carrying or having control of a weapon other than a handgun and other than a dangerous ordnance that the actor was not otherwise prohibited by law from having the weapon and that any of the following applies:

\* \* \*

(4) The weapon was being transported in a motor vehicle for any lawful purpose, was not on the actor's person, and, if the weapon was a firearm, was carried in compliance with the applicable requirements of division (C) of section 2923.16 of the Revised Code.

R.C. 2923.16(C) provides:

No person shall knowingly transport or have a firearm in a motor vehicle, unless it is unloaded and is carried in one of the following ways:

(1) In a closed package, box, or case;

(2) In a compartment that can be reached only by leaving the vehicle;

(3) In plain sight and secured in a rack or holder made for the purpose;

(4) In plain sight with the action open or the weapon stripped, or, if the firearm is of a type on which the action will not stay open or which cannot easily be stripped, in plain sight.

{¶ 8} As stated above, R.C. 2923.12 incorporates R.C. 2923.16(C) as part of an affirmative defense only for weapons "other than a handgun and other than a dangerous ordnance." The affirmative defense that the firearm was transported in a motor vehicle in compliance with the requirements of R.C. 2923.16(C) is only

applicable to a charge in violation of R.C. 2923.12(A)(1), which is a deadly weapon other than a handgun.

{¶ 9} In this case, Davis was convicted of carrying a concealed weapon in violation of R.C. 2923.12(A)(2), which provides that the gun in question was a handgun. Since the gun found in Davis's possession was not a deadly weapon other than a handgun, the affirmative defense provided in R.C. 2923.16(C) is not applicable to this case. Accordingly, Davis's first assignment of error is overruled.

{¶ 10} Davis claims in his second assignment of error that the trial court erred in finding that the handgun was close at hand when the mere proximity of the weapon to Davis was not the only factor to consider in determining the capability of being readily used. Davis argues that because the clip or magazine was not in the handgun but rather was beside the handgun in the case the firearm was not "ready at hand."

{¶ 11} In this case, Davis stipulated that the handgun and a loaded magazine were located on the driver's floorboard in a closed case. The firearm was not loaded; however, next to the firearm in the closed case was the loaded magazine.

{¶ 12} R.C. 2923.11(B)(1) states:

"Firearm" means any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant. "Firearm" includes *an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable.*

(Emphasis added). R.C. 2923.12(A) provides that "[n]o person shall knowingly carry or have, concealed on the person's person or concealed *ready at hand,* * * * a handgun * * *." Pursuant to the Legislative Service Commission comment to House Bill 511, R.C. 2923.12 prohibits having or carrying any deadly weapon or dangerous ordnance, either concealed on one's person, or concealed where it may readily be picked up or used. Furthermore, according to *State v. Miller,* 2d Dist. No. 19589, 2003-Ohio-6239, 2003 WL 22764120, under R.C. 2923.12(A), " '[r]eady at hand' means so near as to be conveniently accessible and within immediate physical reach." *Miller,* 2003-Ohio-6239, ¶ 14.

{¶ 13} The Tenth District Court of Appeals found sufficient evidence to support a concealed-weapon conviction where an unloaded weapon and ammunition were found in a bag located on the floorboard of the passenger side of the car and the weapon could be readily picked up and used "simply by opening the bag, removing the weapon, and loading it." *State v. Higgins* (Feb. 24, 1994), Franklin App. No. 93AP–403, 1994 WL 55525.

{¶ 14} Davis argues that this case is similar to *State v. Beasley* (1983), 4 Ohio St.3d 24, 4 OBR 71, 446 N.E.2d 154. In *Beasley*, a woman was transporting her revolver in a closed bag "gun purse" which was found on the floorboard of her car. The revolver was disassembled into three different parts with the frame, a firearms cylinder, and a rod, which would hold the cylinder in position and serve as an axle around which the cylinder would revolve, all in separate pieces. The revolver was not immediately operable or loaded because it needed to be reassembled. The Ohio Supreme Court agreed with the court of appeals that the revolver would not have been capable of being used in its condition because it was " 'unloaded, inside a zippered pouch, and inoperable at the moment because it was stripped. It could be made an operable weapon * * * only by using both hands to unzip the pouch, remove the contents, load the cylinder, and reassemble the revolver.' " Therefore, the Ohio Supreme Court agreed that " 'the revolver could not readily be made operable, and that it was not "ready at hand" within the intended meaning of R.C. 2923.12(A).' "

{¶ 15} The *Beasley* case is significantly different from this case because in this case the handgun did not need to be reassembled as in the *Beasley* case; rather, the magazine or clip merely needed to be inserted into the handgun for the handgun to be fully operable. Also, unlike the cylinder for the revolver, the magazine or clip in the handgun was designed to be completely removed in order to load the magazine or clip with ammunition.

{¶ 16} In this case, the trial court found that the firearm was ready at hand. We agree with the trial court's finding on the issue of "ready at hand." Furthermore, we cannot find that the trial court erred in finding that the handgun was "ready at hand." Accordingly, Davis's second assignment of error is overruled.

{¶ 17} In Davis' third assignment of error, he asserts that the trial court's finding of guilty was not supported by the stipulated facts and the law. Davis was convicted of carrying a concealed weapon in violation of R.C. 2923.12(A).

{¶ 18} R.C. 2923.12(A) provides:

No person shall knowingly carry or have, concealed on the person's person or concealed ready at hand, any of the following:

* * *

(2) A handgun other than a dangerous ordnance[.]

{¶ 19} In *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, the Ohio Supreme Court set forth the sufficiency of the evidence test as follows:

An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to

determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

{¶ 20} In contrast, when reviewing whether a verdict is against the manifest weight of the evidence, the appellate court must review the entire record, weigh all of the evidence and all of the reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the fact finder "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Thompkins* (1997), 78 Ohio St.3d 380, 387, 678 N.E.2d 541, quoting *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 485 N.E.2d 717.

{¶ 21} In this case, the parties stipulated that an arresting officer observed a closed case with the words "High Point" in Davis's vehicle. The closed case was found on the driver's side floorboard in the vehicle. Davis advised the arresting officer that a handgun and a loaded magazine were located in the closed case. Upon further investigation, a .380 High Point semiautomatic handgun that was unloaded and a loaded magazine were located in the closed case.

{¶ 22} In sum, in reviewing the totality of the evidence, we cannot conclude that the trial court clearly lost its way or created a manifest miscarriage of justice. Furthermore, after viewing the entire record and the evidence in the light most favorable to the state, we can say that a rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Accordingly, the third assignment of error is overruled.

{¶ 23} Therefore, the trial court's judgment of conviction and sentence entered in the Court of Common Pleas, Marion County, Ohio is affirmed.

Judgment affirmed.

BRYANT, P.J., concurs.

ROGERS, J., concurs in part and dissents in part.

ROGERS, Judge, concurring in part and dissenting in part.

{¶ 24} While I concur with the position of the majority as to the first assignment of error, I must respectfully dissent as to assignments of error two and three.

{¶ 25} R.C. 2923.12 provides as follows: "No person shall knowingly carry or have, concealed on the person's person or concealed ready at hand * * * a handgun * * *."

{¶ 26} Because the handgun in question was not on the *person* of the appellant, the elements of the offense can only be met if the handgun was proven to be *ready at hand*. I would interpret the phrase "ready at hand" as meaning "concealed where it may be readily picked up and used." This would be consistent with the majority opinion stated in *State v. Beasley* (Jan. 27, 1982), 1st Dist. No. C–810122, and aptly confirmed in the concurring opinion of Chief Justice Celebrezze in *State v. Beasley* (1983), 4 Ohio St.3d 24, 4 OBR 71, 446 N.E.2d 154.

In the case sub judice, it is uncontroverted that this weapon was unloaded, inside a zippered pouch, and, in fact, disassembled. As recognized by the court of appeals below, it would have taken two hands and an appreciable length of time for appellee to remove the weapon from the pouch and to assemble and load it; all while continuing to drive her car. I do not believe the General Assembly intended that individuals be guilty of violating R.C. 2923.12 under such circumstances.

The Committee Comment to R.C. 2923.12 states:

'The section prohibits having or carrying any deadly weapon or dangerous ordnance, either concealed or on one's person, *or concealed where it may be readily picked up and used.*' (Emphasis added.)

Thus, the General Assembly has considered 'ready at hand' with 'may be readily picked up and used.' In the instant cause, if appellee had 'picked up' her weapon, it certainly would not have been capable of being 'used' in its condition. Hence, there is insufficient evidence of record to sustain appellee's conviction.

(Emphasis sic.) Id. at 28, 4 OBR 71, 446 N.E.2d 154.

{¶ 27} The facts of this case correlate so closely to those in *Beasley* that I cannot distinguish the necessary result.

{¶ 28} In addition, I find it greatly disturbing that a citizen can make every effort to follow the legislature's directive as to the proper method of transportation of a firearm and yet be found guilty of committing a serious felony due to the subjective interpretation of the term "ready at hand." Davis correctly unloaded his gun and secured it in a closed box. R.C. 2923.16 is Ohio's statute that prohibits the improper transportation of firearms in motor vehicles. Subsection (C) of this statute specifically describes the manner in which a firearm must be handled while transporting it in a motor vehicle:

No person shall knowingly transport or have a firearm in a motor vehicle, unless it is unloaded and is carried in one of the following ways:

(1) In a closed package, box, or case.

R.C. 2923.16(C).

{¶ 29} By the terms of the statute, the firearm must be concealed. However, there is no requirement that the ammunition cannot be in the same closed box or case.

{¶ 30} I understand the very real dangers faced by law enforcement officers who may approach a vehicle under less than ideal circumstances. However, our citizens who are trying to correctly comply with state laws should not be punished for failing to understand subjective terms used by the legislature. As the Supreme Court noted in *Beasley*, "[a]s a matter of simple fair play in criminal practice, the law-abiding public is entitled to rely upon the common meaning of statutory words. Justice Oliver Wendell Holmes, speaking for the court in *McBoyle v. United States* (1931), 283 U.S. 25, 27 [51 S.Ct. 340, 75 L.Ed.2d 816], stated: ' * * * a fair warning should be given to the world in language that the world will understand * * *.' " *Beasley*, 4 Ohio St.3d at 27, 4 OBR 71, 446 N.E.2d 154.

{¶ 31} Based upon the foregoing, I would find that the state failed to prove a necessary element of the offense of carrying a concealed weapon, sustain assignments of error two and three, and reverse the judgment of the trial court.