THE STATE OF OHIO, APPELLEE, *v.* DAVIS, APPELLANT.

[Cite as *State v. Davis,* 115 Ohio St.3d 360, 2007-Ohio-5025.]

(No. 2006–0826—Submitted April 18, 2007—Decided October 3, 2007.)

MOYER, C.J.

{¶ 1} During a routine traffic stop, appellant, Thomas Davis, was arrested for carrying a concealed weapon. At trial, Davis and the state stipulated to the following facts, as stated in Davis's posttrial brief:

{¶ 2} "1. The arresting officer saw a case saying 'High Point' on it in the Defendant's vehicle.

{¶ 3} "2. The case was on the driver's floor board.

{¶ 4} "3. The Defendant upon being questioned advised he had a handgun and there was a loaded magazine in the closed case.

{¶ 5} "4. The closed case contained a 380 high point semi-automatic handgun.

{¶ 6} "5. The firearm was not loaded and next to it was the loaded magazine."

{¶ 7} After a bench trial, Davis was found guilty of carrying a concealed weapon in violation of R.C. 2923.12(A). Although neither the indictment nor the entry of conviction stated a subdivision of R.C. 2923.12(A), it is obvious from the stipulated facts that Davis was convicted of subdivision (A)(2). The court of appeals affirmed his conviction. We accepted Davis's discretionary appeal to determine whether complying with R.C. 2923.16 is an affirmative defense to a charged violation of R.C. 2923.12.

{¶ 8} R.C. 2923.12 states:

{¶ 9} "(A) No person shall knowingly carry or have, concealed on the person's person or concealed ready at hand, any of the following:

{¶ 10} "(1) A deadly weapon other than a handgun;

{¶ 11} "(2) A handgun other than a dangerous ordnance;

{¶ 12} "(3) A dangerous ordnance.

{¶ 13} " * * *

{¶ 14} "(D) It is an affirmative defense to a charge under division (A)(1) of this section of carrying or having control of a weapon other than a handgun and other than a dangerous ordnance that the actor was not otherwise prohibited by law from having the weapon and that any of the following applies:

{¶ 15} " * * *

{¶ 16} "(4) The weapon was being transported in a motor vehicle for any lawful purpose, was not on the actor's person, and, if the weapon was a firearm, was carried in compliance with the applicable requirements of division (C) of section 2923.16 of the Revised Code."

{¶ 17} R.C. 2923.16(C) states:

{¶ 18} "No person shall knowingly transport or have a firearm in a motor vehicle, unless it is unloaded and is carried in one of the following ways:

{¶ 19} "(1) In a closed package, box, or case;

{¶ 20} "(2) In a compartment that can be reached only by leaving the vehicle;

{¶ 21} "(3) In plain sight and secured in a rack or holder made for the purpose;

{¶ 22} "(4) In plain sight with the action open or the weapon stripped, or, if the firearm is of a type on which the action will not stay open or which cannot easily be stripped, in plain sight."

{¶ 23} Davis argues that the statutes in question as interpreted by the common pleas court and the court of appeals placed him in the position of being unable to carry a handgun in full compliance with R.C. 2923.16(C) without violating R.C. 2923.12(A)(2) and that compliance with R.C. 2923.16(C) is an affirmative defense to a charge of violating R.C. 2923.12(A)(2). A plain reading of the statute shows that this is not correct.

{¶ 24} R.C. 2923.12(D)(4) specifically incorporates R.C. 2923.16(C) and limits the availability of the affirmative defense to violations of subsection (A)(1), which forbids knowingly carrying or having ready at hand a concealed deadly weapon other than a handgun. Davis was convicted of a violation of (A)(2), which forbids knowingly carrying or having ready at hand a concealed handgun other than a dangerous ordnance. The affirmative defense is simply not applicable in this case.

{¶ 25} At oral argument there was some discussion as to whether Davis could have complied with R.C. 2923.16(C) without violating R.C. 2923.12(A).

{¶ 26} There are three other means by which Davis could have transported the handgun without violating the statute. The unloaded gun could have been in plain sight on a gun rack; outside the passenger compartment of his vehicle; or in plain sight, stripped or with the action open. Davis chose to have the unloaded weapon in a closed box at his feet. That action alone complied with R.C. 2923.16 and would not violate R.C. 2923.12 unless the weapon was "ready at hand." It was Davis's decision to include a loaded magazine in the closed box, in close proximity to the handgun and himself, that caused Davis to be in violation of R.C. 2923.12(A)(2).

{¶ 27} Davis argues that while R.C. 2923.16 prohibits transportation of a loaded firearm, the statute fails to direct where to place the ammunition. However, R.C. 2923.11(B)(1) states, " 'Firearm' includes an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable." Therefore, the ammunition must be located in such a place that it cannot be readily loaded into the firearm.

{¶ 28} Davis's conviction under R.C. 2923.12(A) turns not on whether R.C. 2923.16 is an affirmative defense but on whether his unloaded firearm and ammunition were in such proximity as to make the weapon "ready at hand."

{¶ 29} Defining "ready at hand" requires more than a simple distance formulation; e.g., that two feet from the firearm is ready at hand while three feet from it is not. Rather, it is a factual determination based upon the location of the weapon, the type of weapon, and the location and configuration of the ammunition. " 'Ready at hand' means so near as to be conveniently accessible and within immediate physical reach." *State v. Miller*, 2d Dist. No. 19589, 2003-Ohio-6239, 2003 WL 22764120, ¶ 14. Each case must be determined on its own unique factors. Here, the trial court determined that a loaded magazine, in the same unlocked box as a semiautomatic handgun, located at the defendant's feet was conveniently accessible and within immediate physical reach as to support a finding that the handgun was ready at hand.

{¶ 30} Davis urges this court to apply the analysis in *State v. Beasley* (1983), 4 Ohio St.3d 24, 4 OBR 71, 446 N.E.2d 154, to this case and to develop a bright-line test. The cases are factually distinguishable. *Beasley* involved a disassembled revolver with loose rounds in a zippered bag; Davis had a semiautomatic handgun with ammunition already loaded in a magazine. The trial court, as the finder of fact, determined that the handgun was ready at hand, and we will not upset that finding. Finally, the propositions of law we accepted dealt exclusively with the affirmative defenses available in R.C. 2923.12, not the definition of "ready at hand."

{¶ 31} Therefore, we limit our holding to the question of law presented and hold that compliance with R.C. 2923.16(C) is an affirmative defense only for a charged violation of R.C. 2923.12(A)(1) and is not an affirmative defense for a charged violation of R.C. 2923.12(A)(2).

{¶ 32} Because the trial court determined that Davis had violated R.C. 2923.12(A)(2) and he does not have an available affirmative defense, his conviction and the decision of the court of appeals are affirmed.

Judgment affirmed.

PFEIFER, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

LUNDBERG STRATTON, J., concurs in judgment.

O'DONNELL, J., concurs separately.

---

**O'DONNELL, J., concurring.**

{¶ 33} I reluctantly concur with the majority based on the current state of the statutory law regarding carrying a concealed weapon and improperly handling firearms in a motor vehicle.

{¶ 34} R.C. 2923.16 sets forth the elements of improperly handling firearms in a motor vehicle and further sets forth the steps a person must take in order to transport a firearm in a motor vehicle without violating the statute. Notably, the statute fails to indicate where a person may transport the ammunition for the handgun he or she seeks to lawfully transport.

{¶ 35} The plain language of R.C. 2923.12(D)(4) provides that compliance with the applicable requirements of R.C. 2923.16(C) "is an affirmative defense to a charge under division (A)(1) of this section of carrying or having control of a weapon other than a handgun," necessarily precluding its application to the concealed carrying of a handgun.

{¶ 36} The majority correctly notes that the definition of "ready at hand," an alternate element of the crime of carrying a concealed weapon, is not properly before the court. Nonetheless, the definition and interpretation of that term of art lie at the heart of this case. In an effort to be a law-abiding citizen, Davis complied with R.C. 2923.16(C)(1) by unloading his handgun and placing it in a closed case manufactured for the purpose of storing and transporting this weapon, along with the loaded magazine. Upon questioning by the arresting officer, Davis truthfully advised the officer that the case contained a handgun and a loaded magazine. Yet, because the handgun was concealed in the closed case, and because the trial court made an unchallenged factual finding that it was "ready at hand" because Davis had placed both the handgun and the loaded magazine in the same case, conveniently accessible and within his immediate physical reach, Davis found himself unwittingly in violation of R.C. 2923.12(A)(2).

{¶ 37} A predictable, and, in my view, much less desirable, result of today's outcome will be that persons seeking to avoid a violation of either R.C. 2923.12(A) or 2923.16(C) will simply place their unloaded handguns in plain sight on the passenger seat next to them, stripped or with the action open, and place the ammunition in a readily accessible pocket or purse. While these acts would arguably make a weapon more "ready at hand," such a determination would be meaningless because the weapon would no longer be concealed.

{¶ 38} In short, I believe that an unloaded handgun transported in a closed gun case with its ammunition presents far less danger to law enforcement officers and the public at large than an unloaded handgun in plain sight with both the ammunition and the handgun readily accessible to the motorist. Accordingly, I reluctantly concur with the majority opinion and urge the General Assembly to further consider the troublesome interplay between these statutes.

Pfeifer and Lundberg Stratton, JJ., concur in the foregoing opinion.

Jim Slagle, Marion County Prosecuting Attorney, for appellee.

Spohn, Spohn & Zeigler and Clifford C. Spohn, for appellant.

Anspach Meeks Ellenberger, L.L.P., and Daniel T. Ellis, urging reversal for amicus curiae, National Rifle Association, ILA.