OPINION
{¶ 1} Defendant-appellant, Lawrence Carrocce, appeals from a judgment of the Franklin County Court of Common Pleas convicting him of carrying a concealed weapon, a violation of R.C. 2923.12, and a felony of the fourth degree. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} In June 2005, the Franklin County Grand Jury indicted defendant on two counts of carrying a concealed weapon (counts one and three), two counts of improperly handling firearms in a motor vehicle (counts two and four), and one count of unlawful possession of a dangerous ordnance with a firearm specification (count five). The *Page 2 
charges arose after law enforcement officers found firearms and ammunition in defendant's van during an investigation into whether defendant was engaging in drug activity.
 {¶ 3} In July 2005, defendant filed a motion to suppress evidence, arguing that the law enforcement officers lacked probable cause to arrest him and lacked justification to search his vehicle. A hearing was held on the matter. In January 2006, the trial court granted the motion to suppress. Plaintiff-appellee, State of Ohio ("the state"), appealed to this court, arguing that the trial court erred in granting the motion to suppress. This court agreed with the state, reversed the judgment of the trial court, and remanded the matter. See State v. Carrocce, Franklin App. No. 06AP-101, 2006-Ohio-6376.
 {¶ 4} On remand, defendant waived his right to a trial by jury and elected to be tried by a judge of the trial court. The case went to trial in May 2007. After the bench trial, the court found defendant guilty of count one of the indictment: carrying a concealed weapon, a violation of R.C. 2923.12, and a felony of the fourth degree. Relying upon Crim.R. 29, defendant moved for a judgment of acquittal as to the finding of guilty as to count one of the indictment. The trial court overruled this motion and entered judgment convicting defendant of count one of the indictment. Defendant was acquitted of count two of the indictment, and a nolle prosequi was entered as to counts three, four, and five.
 {¶ 5} Defendant appeals and sets forth the following single assignment of error for our review:
 The trial court erred overruling Appellant's Criminal Rule 29 motion for judgment of acquittal as to the offense of carrying a concealed weapon, as the State failed to offer sufficient evidence that Appellant was carrying a handgun as defined by Ohio law. This failure deprived Appellant of his right to due *Page 3 
 process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and comparable provisions of the Ohio Constitution.
 {¶ 6} By his assignment of error, defendant argues that the trial court erred in overruling his Crim.R. 29 motion for judgment of acquittal because his conviction was not supported by sufficient evidence. In determining the sufficiency of the evidence, an appellate court must "examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v.Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. Whether the evidence is legally sufficient to sustain a verdict is a question of law, not fact. State v. Thompkins (1997), 78 Ohio St.3d 380, 386.
 {¶ 7} The evidence presented at trial indicated the following. On February 24, 2005, Columbus police officers were dispatched to a parking lot on Phillipi Road to investigate possible drug activity. At the parking lot, the police encountered defendant who was in a van. Defendant told the police that he was operating a check-cashing business and refused to get out of the van. Eventually, he exited the van and was arrested. The police searched the van and seized various items, including the weapon at issue in this appeal, a "Cobray M-11," which apparently is also referred to as a "Mack 11."
 {¶ 8} Subsequently, the Cobray M-11 was taken to the Columbus Police Crime Laboratory for examination. Heather McClellan, a stipulated expert in firearms, examined the weapon. The weapon was released to defendant in February 2006, and was not *Page 4 
introduced into evidence. At trial, Ms. McClellan testified that she did not have an independent recollection of the actual Cobray she examined in this case. However, based on her review of the crime laboratory report, which was admitted into evidence, Ms. McClellan was able to provide a description of the examined Cobray. She testified as follows regarding the weapon:
 Q. Can you explain for the Court what a Cobray M-11 is?
 A. This is a nine-millimeter Luger. That's the cartridge that the weapon fires, and it's a pistol.
 Q. What makes it a pistol?
 A. It's a handgun, and it's designed to be fired, held by the hand as opposed to up against the shoulder.
 Q. What characteristics of this particular weapon that you examined leads you to classify the weapon as a handgun as opposed to something else?
 A. There is a grip area for a hand, but there isn't a butt of the weapon to put up against a shoulder or an added area that's the reason to hold with a second hand.
(Tr. 30-31.)
 {¶ 9} Additionally, the state introduced into evidence an image of a firearm that Ms. McClellan characterized as "what a typical Cobray looks like." (Tr. 33.) Defense counsel objected to the admission of the image into evidence, but the trial court admitted the exhibit "for the limited purposes of showing what the Mack 11 looks like but not that this was the weapon that was taken out of the van." (Tr. 72-73.) According to Ms. McClellan's testimony, "the Cobray all look the same." (Tr. 35.)
 {¶ 10} Based on this evidence, defendant was convicted of carrying a concealed weapon in violation of R.C. 2923.12, which provides, in pertinent part, that "(A) No person *Page 5 
shall knowingly carry or have, concealed on the person's person or concealed ready at hand * * * [a] handgun[.]" For purposes of R.C.2923.12, a "handgun" is defined to include "[a]ny firearm that has a short stock and is designed to be held and fired by the use of a single hand." See R.C. 2923.11(C)(1).
 {¶ 11} According to defendant, the state failed to prove that the weapon at issue in this case was a "handgun" as that term is defined by R.C. 2923.11(C)(1). More specifically, defendant contends that the state failed to offer any evidence that the firearm at issue in this case had a "short stock."
 {¶ 12} The Ohio Revised Code does not define the term "short stock." Neither party attempts to provide an explanation as to what that term means as it is used in the definition of handgun. As pertinent here, The American Heritage Dictionary of the English Language (4 Ed. 2006) defines "stock" as "the rear wooden, metal, or plastic handle or support of a rifle, pistol, or automatic weapon, to which the barrel and mechanism are attached." By defining a handgun to include a firearm that has a "short stock" and is designed to be held and fired with a single hand, the General Assembly obviously was differentiating a handgun from weapons that are designed to be held by two hands and have relatively longer stocks.
 {¶ 13} Although it is true that no one specifically testified that the weapon at issue had a "short stock," recognition of that fact does not end the analysis of whether there was legally sufficient evidence to support the conviction. Ms. McClellan, a firearms expert, testified that the weapon was a "handgun." She described the weapon as a firearm that is designed to be held by one hand and that lacks a support that extends in a way that the butt of the weapon can be placed against the shoulder for firing. Even *Page 6 
though Ms. McClellan did not specifically state that the weapon at issue had a "short stock," it would have been reasonable to infer from her testimony that the weapon had a short stock and was within the definition of a handgun set forth in R.C. 2923.11(C)(1). Furthermore, the image of the Cobray that was admitted into evidence supported Ms. McClellan's description of the weapon.
 {¶ 14} For these reasons, we find that the evidence presented at trial provided sufficient support for the trier of fact to reasonably conclude that the weapon at issue was a handgun, as that term is defined for purposes of R.C. 2923.12. Therefore, we conclude that defendant's conviction for carrying a concealed weapon in violation of R.C. 2923.12
was supported by sufficient evidence. Because defendant's conviction was supported by sufficient evidence, the trial court did not err in overruling defendant's Crim.R. 29 motion for acquittal.
 {¶ 15} Defendant additionally argues that, had the trial court properly determined that the weapon was not a handgun, the court would have reached the issue of whether R.C. 2923.12(D)(1) and/or (2) provided an affirmative defense to the charge of carrying a concealed weapon under the facts of this case. Because the trial court found that the weapon involved was a handgun, it was unnecessary for the trial court to reach the issue of whether all the other requirements of R.C.2923.12(D)(1) and/or (2) were established. An affirmative defense under R.C. 2923.12(D) is not available when the weapon involved is a handgun. See State v. Davis, 115 Ohio St.3d 360, 2007-Ohio-5025, at ¶ 24. Thus, defendant's argument in this appeal regarding the possible applicability of an affirmative defense under R.C. 2923.12(D) is contingent upon a determination that there was insufficient evidence that the weapon involved was a handgun. However, as set forth *Page 7 
above, we have determined that there was sufficient evidence for the trial court to find that the weapon involved was a handgun. Consequently, defendant's argument based on R.C. 2923.12(D) is unavailing.
 {¶ 16} Based on the foregoing, we overrule defendant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 SADLER and T. BRYANT, JJ., concur. T. BRYANT, J., retired of the Third Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1