[Cite as *State v. Williams*, 2019-Ohio-871.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 107151

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**WILLIAM E. WILLIAMS**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-17-621163-A

**BEFORE:**    Sheehan, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   March 14, 2019

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Rd., #613
Cleveland, OH 44118


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By: James M. Rice
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113


MICHELLE J. SHEEHAN, J.:

{¶1} Defendant-appellant William E. Williams appeals from his conviction and sentence for improperly handling firearms in a motor vehicle.   For the reasons that follow, we affirm.

Procedural History

{¶2}   Williams was charged with felonious assault (Counts 1 and 2), improperly handling firearms in a motor vehicle, namely a handgun (Count 3), and child endangering (Count 4).   The indictment stemmed from a shooting that occurred during a custody exchange on September 5, 2017.

{¶3}   The matter proceeded to a jury trial.   Williams testified on his own behalf, claiming self-defense.   The court instructed the jury on self-defense relating to Counts 1 and 2, the felonious assault charges, advising the jury that self-defense provides a legal justification for conduct that otherwise constitutes a crime.   The court advised the jury that the self-defense

claim did not apply to the remaining two charges — improperly handling firearms in a motor vehicle and endangering children.

**{¶4}** The jury found Williams not guilty on the felonious assault charges and on Count 4, endangering children. The jury found Williams guilty on Count 3, improperly handling firearms in a motor vehicle. Williams was sentenced on Count 3 to one and one-half years of community control sanctions and five days in jail, with credit for time served.

**{¶5}** Williams now appeals, assigning two errors for our review:

I. The trial court denied Williams due process and a fair trial when it failed to instruct the jury on self-defense relative to Count 3.

II. The trial court erred by sentencing Williams absent the findings mandated by R.C. 2929.12.

Improperly Handling Firearms in a Motor Vehicle

**{¶6}** In his first assignment of error, Williams contends that the trial court erred when it failed to instruct the jury on self-defense on Count 3, improperly handling firearms in a motor vehicle, along with the other counts. Williams essentially argues that under the castle doctrine, he was entitled to protect himself with a firearm when he was attacked in his vehicle.

**{¶7}** Williams had a shared parenting agreement with the mother of his daughter, O.F. On September 5, 2017, they were scheduled to meet at a gas station for a custody exchange of Williams's daughter. After many delays and O.F.'s apparent fabrications that she was on her way to meet Williams, O.F. arrived at the gas station with their daughter. According to Williams, immediately after they arrived, O.F.'s father, S.F., appeared from behind a car and threatened Williams. Williams proceeded to his car, with his daughter in his arms. Thereafter, S.F. knocked Williams's cell phone from his hands, tugged on Williams's daughter, followed

Williams to his car, and continued to threaten Williams. Williams testified that previous experiences with S.F. caused him to fear S.F. and believe S.F. would follow through with his threats. Williams placed his daughter in her car seat and was in the back of the car when he grabbed his gun. Williams stated that S.F. then jumped on his back, pulled him out of the vehicle, and slammed him to the ground. At this point, an altercation ensued where S.F. bit Williams near his neck. Williams stated that despite his repeated attempts to get away, S.F. continued to grab him. Williams testified that he felt the police were not coming fast enough and he had no other option but to shoot S.F. Williams then shot S.F. in the leg, held the gun on S.F., and called the police.

{¶8} On cross-examination, Williams testified that he does not have a concealed carry license. He also conceded that his loaded firearm was in the vehicle's center console. The firearm at issue is a 9 mm handgun.

{¶9} We note initially that the state contends that Williams failed to preserve this issue for appeal because he did not object to the jury instructions specifically relating to Count 3.

{¶10} Generally, a party must object to the trial court's failure to give jury instructions in order to raise the issue on appeal. *State v. Eddy*, 8th Dist. Cuyahoga No. 104417, 2017-Ohio-7398, ¶ 7, citing Crim.R. 30(A). Crim.R. 30(A), which governs jury instructions, states as follows:

> On appeal, a party may not assign as error the giving or the failure to give any
> instructions unless the party objects before the jury retires to consider its verdict,
> stating specifically the matter objected to and the ground of the objection.

Therefore, where a party fails to object to the jury instruction, he or she has waived all but plain error on appeal. *Eddy*, citing *State v. Lott*, 51 Ohio St.3d 160, 555 N.E.2d 293 (1990); *State v. Burns*, 8th Dist. Cuyahoga No. 95465, 2011-Ohio-4230; Crim.R. 52(B).

{¶11} Nonetheless, a party does not waive objections to the trial court's charge by failing to formally object where: (1) the record affirmatively shows the trial court has been fully apprised of the correct law governing a material issue in dispute, and (2) the requesting party has been unsuccessful in obtaining the inclusion of that law in the charge to the jury. *State v. Wolons*, 44 Ohio St.3d 64, 541 N.E.2d 443 (1989), paragraph one of the syllabus. And courts have held that where the appellant submits proposed jury instructions, he has preserved the issue for appeal. *See State v. Nye*, 2013-Ohio-3783, 997 N.E.2d 552, ¶ 26 (3d Dist.); *State v. Fine*, 2d Dist. Miami No. 09CA00032, 2010-Ohio-2637, ¶ 21.

{¶12} Here, the record shows that Williams submitted proposed jury instructions that began with the statement, "Mr. Williams is asserting that he acted in self-defense in this matter." The jury instructions then continued to address the self-defense presumption and define various terms. The jury instructions did not distinguish the charges to which the self-defense instructions might apply.

{¶13} The court instructed the jury on self-defense as it related to the two counts of felonious assault but specifically advised the jury that self-defense did not apply to Count 3, improperly handling firearms in a motor vehicle. After charging the jury, but before the jury retired to consider the verdict, the prosecutor, defense counsel, and the court had an extensive discussion regarding the self-defense instruction. The state objected to the court's instruction on the castle doctrine, which the court overruled in part. When asked if Williams had any objections to the instructions, the following exchange occurred:

Defense counsel: Your Honor, we would object to the form that the instructions were in; we submit that we believe that the best form of the instructions were the ones we filed with the court.

Court: Well, so what you're saying is you object in so far as whatever you requested was not actually given.

Defense counsel:   Right.   And just if you want me to specifically address —

Court: No. * * * I know what you requested and I know what [instructions] I gave, so I know what your objection is.

Defense counsel: Thank you, your Honor.

The court then overruled defense counsel's objection.

{¶14} It is not entirely clear from this record, especially in light of the court's interruption, whether defense counsel would have specifically objected to the court's failure to instruct the jury on self-defense as to Count 3.   The record arguably demonstrates, however, that the trial court had been fully apprised of the correct law governing a disputed issue and the defendant was unsuccessful in obtaining the inclusion of that law in the charge to the jury. Nevertheless, regardless of our treatment of Williams's objection, we find the court's failure to instruct the jury on self-defense on Count 3 was not error, much less plain error.

{¶15} Williams was convicted of improperly handling firearms in a motor vehicle in violation of R.C. 2923.16(B), which provides that "[n]o person shall knowingly transport or have a loaded firearm in a motor vehicle in such a manner that the firearm is accessible to the operator or any passenger without leaving the vehicle."   An individual accused of violating this statute may defend on the same grounds specified in R.C. 2923.12 "as excusing the carrying of concealed weapons for defensive purposes."   R.C. 2923.16, 1974 Committee Comment to H 511.   Indeed, R.C. 2923.16(G)(1) states that an offender may assert "[t]he affirmative defenses

authorized in divisions (D)(1) and (2) of section 2923.12 of the Revised Code * * * to a charge under division (B) * * * of this section that involves a firearm other than a handgun."

{¶16} R.C. 2923.12(D) provides that

[i]t is an affirmative defense to a charge under division (A)(1) of this section of carrying or having control of a weapon other than a handgun and other than a dangerous ordnance that the actor was not otherwise prohibited by law from having the weapon and that any of the following applies:

(1) The weapon was carried or kept ready at hand by the actor for defensive purposes while the actor was engaged in or was going to or from the actor's lawful business or occupation, which business or occupation was of a character or was necessarily carried on in a manner or at a time or place as to render the actor particularly susceptible to criminal attack, such as would justify a prudent person in going armed; [and]

(2) The weapon was carried or kept ready at hand by the actor for defensive purposes while the actor was engaged in a lawful activity and had reasonable cause to fear a criminal attack upon the actor, a member of the actor's family, or the actor's home, such as would justify a prudent person in going armed.

{¶17} As evident from above, R.C. 2923.16(G)(1) and 2923.12(D)(1) and (2) authorize the assertion of affirmative defenses under certain circumstances. Each statute, however, expressly notes that an affirmative defense applies to a firearm "other than a handgun." Thus, an affirmative defense under these statutes is not available when the weapon involved is a handgun. *State v. Carrocce*, 10th Dist. Franklin No. 07AP-754, 2008-Ohio-1517, ¶ 15, citing *State v. Davis*, 115 Ohio St.3d 360, 2007-Ohio-5025, 875 N.E.2d 80, ¶ 24.

{¶18} Here, the weapon involved was a 9 mm handgun. The evidence demonstrated that Williams transported a loaded handgun in his vehicle, and when he felt threatened by S.F., he retrieved the handgun from the vehicle's center console and used it to shoot S.F. Williams therefore cannot claim self-defense to his violation of improperly handling firearms in a motor

vehicle, and his argument regarding the castle doctrine on this charge is unavailing. Accordingly, the trial court's instruction to the jury was proper.

{¶19} Williams's first assignment of error is overruled.

Sentencing

{¶20} In his second assignment of error, Williams contends that the trial court erred when it failed to make findings under R.C. 2929.12. Within the context of his argument, however, he asserts that his sentence is contrary to law because the court failed to properly consider the statutory factors.

{¶21} We note initially that in reviewing felony sentences, we do not review the sentence for an abuse of discretion; rather, we apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Wright*, 2018-Ohio-965, 108 N.E.3d 1109, ¶ 9 (8th Dist.); *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence, or vacate a sentence and remand for resentencing if we "clearly and convincingly find" that the record does not support the sentencing court's statutory findings under certain statutes (not relevant in this case) or the sentence is contrary to law.

{¶22} A sentence is "contrary to law" if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Morgan*, 8th Dist. Cuyahoga No. 105682, 2018-Ohio-1834, ¶ 14; *State v. Pawlak*, 8th Dist. Cuyahoga No. 103444, 2016-Ohio-5926, ¶ 58.

{¶23} R.C. 2929.11(A) provides that the overriding purposes of felony sentencing are (1) to protect the public from future crime by the offender and others and (2) to punish the offender

using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.[1]  Further, the sentence imposed shall be "reasonably calculated" to achieve these purposes, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders."  R.C. 2929.11(B).

{¶24} In determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11, the sentencing court must consider the seriousness and recidivism factors enumerated in R.C. 2929.12. *State v. Hamilton*, 8th Dist. Cuyahoga No. 102870, 2016-Ohio-1376, ¶ 14.  The seriousness factors include any physical or mental harm suffered by the victim and whether there are substantial grounds to mitigate the offender's conduct.  R.C. 2929.12(B) and (C).  The recidivism factors include any relevant factors that indicate whether an offender is likely to commit future crimes, such as the offender's drug abuse, criminal history, and demonstration of remorse for the offense.  R.C. 2929.12(D) and (E).

{¶25}  R.C. 2929.11 and 2929.12 are not fact-finding statutes.  Therefore, although the trial court has a mandatory duty to "consider" the statutory factors under R.C. 2929.11 and 2929.12, the court is not required to make any factual findings under R.C. 2929.11 or 2929.12. *State v. Gay*, 8th Dist. Cuyahoga No. 103641, 2016-Ohio-2946, ¶ 16, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31.  Indeed, consideration of the statutory factors is presumed unless the defendant affirmatively demonstrates otherwise.  *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 11.  Moreover, a trial court's statement in its sentencing journal entry that it considered the required statutory factors

---

[1]   There are now three overriding purposes set forth in R.C. 2929.11(A).  *See* S.B. 66, Section 1, effective October 29, 2018, after Williams was sentenced.

sufficiently fulfills its obligations under R.C. 2929.11 and 2929.12. *Wright*, 2018-Ohio-965, 108 N.E.3d 1109, at ¶ 16; *State v. West*, 8th Dist. Cuyahoga No. 105568, 2018-Ohio-956, ¶ 11.

{¶26} Here, the court sentenced Williams to five days in jail, with credit for time served, and 18 months community control sanctions. Williams concedes that his sentence is within the statutory range for his offense. And in reviewing the record, we find the court considered the principles and purposes of felony sentencing outlined in R.C. 2929.11 and the sentencing factors outlined in R.C. 2929.12.

{¶27} Before imposing sentence, the court heard from the prosecutor, defense counsel, and Williams. Defense counsel noted that Williams had no prior felonies and only one misdemeanor charge from several years ago, he had no substance abuse or mental health issues, he had been working on custody issues with his daughter and had a good relationship with her, and he was remorseful. Williams apologized to the court and expressed a desire to create a better life for his family.

{¶28} Thereafter, the court stated that it considered the parties' statements, the presentence investigative report, the evidence from trial, and the provisions of R.C. Chapter 2929. Additionally, the court's sentencing journal entry states that the court considered all required factors of law and it found that a community control sanction "will adequately protect the public and will not demean the seriousness of the offense."

{¶29} In light of the foregoing, we find the trial court considered the sentencing purposes and principles under R.C. 2929.11 and the sentencing factors in R.C. 2929.12. The court is not required to make any findings under these statutes. Williams's sentence is therefore not "contrary to law."

{¶30} Williams's second assignment of error is overruled.

**{¶31}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR