[Cite as *State v. Jones*, 2021-Ohio-4331.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                :         APPEAL NO. C-210309
                                     TRIAL NO. B-2006016

     Plaintiff-Appellee,     :

  vs.                       :
                                   *O P I N I O N.*

QUINTAURAS JONES,     :

     Defendant-Appellant.  :

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: December 10, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Keith Sauter,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk,* for Defendant-Appellant.

**BOCK, Judge.**

{¶1}   Defendant-appellant Quintauras Jones appeals his prison sentence that he received after pleading guilty to a fourth-degree felony. We affirm the trial court's judgment.

## I.   Facts and Procedure

{¶2}   In November 2020, Jones was stopped by Sharonville Police for committing a traffic violation. Jones attempted to flee from the officers, but was soon apprehended. Officers retrieved a handgun from the vehicle between the center console and the driver's seat.  The grand jury returned indictments for two fourth-degree felonies: one count of carrying a concealed weapon in violation of R.C. 2923.12 and one count of improperly handling a firearm in a motor vehicle in violation of R.C. 2923.16(B).

{¶3}   Jones pled guilty to the improperly-handling-a-firearm charge in exchange for the state dismissing the carrying-a-concealed-weapon charge. The trial court imposed a 12-month prison sentence with 28 days of jail-time credit.

{¶4}   Jones now appeals, asserting that his sentence was contrary to law.

## II.   Law and Analysis

{¶5}   We review criminal sentences under R.C. 2953.08(G)(2), which allows appellate courts to increase, reduce, or otherwise modify a sentence, or to vacate the sentence and remand the matter for resentencing if it clearly and convincingly finds that either the record does not support the sentencing court's findings under relevant statutory provisions or the sentence is otherwise contrary to law. *State v. Conley*, 1st Dist. Hamilton No. C-200144, 2021-Ohio-837, ¶ 20.

{¶6}   Subject to exceptions in R.C. 2929.13(B)(1)(b), R.C. 2929.13(B)(1)(a)

2

requires trial courts to order community control for nonviolent fourth- and fifth-degree felonies when all of the following apply:

(i) The offender previously was not convicted of a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) The offender previously was not convicted of a misdemeanor offense of violence that the offender committed within two years before the offense for which the sentence is being imposed.

If an offender meets all of these criteria, a trial court may then look to R.C. 2929.13(B)(1)(b)(i) to determine if an exception exists that authorizes it to impose a prison sentence. Relevant here, if the offender committed an offense while having a firearm "on or about the offender's person or under the offender's control," the trial court may impose a prison term.

### The trial court properly imposed a prison sentence

{¶7} Jones argues that the trial court erred by imposing a 12-month prison sentence on him because he meets all of the R.C. 2919.13(B)(1)(a) conditions. He further argues that the facts of the offense to which he pled did not meet any of the exceptions under R.C. 2919.13(B)(1)(b).

But Jones was convicted of improperly handling a firearm in a motor vehicle, which by definition involves a firearm. The first exception in R.C. 2929.13(B)(1)(b)(i) allows a trial court to impose a prison sentence when the defendant committed the offense while having a firearm "on or about the offender's person or under the offender's control."

{¶8} Having a firearm on or about one's person or under one's control is

analogous with having a weapon "ready at hand," which means "so near as to be conveniently accessible and within immediate physical reach." *State v. Castle*, 2016-Ohio-4974, 67 N.E.3d 1283 (2d Dist.), quoting *State v. Davis,* 115 Ohio St.3d 360, 2007-Ohio-5025, 875 N.E.2d 80, ¶ 29; *see State v. Miller,* 2d Dist. Montgomery No. 19589, 2003-Ohio-6239, ¶ 14, 16.

{¶9}   Jones was driving a motor vehicle when he was stopped for a traffic violation. Police found a firearm between the front console and the driver's seat of the car Jones was driving. Therefore, it is reasonable to conclude that the firearm was "at the ready," "conveniently accessible," and "within immediate physical reach."

{¶10} Jones cites *State v. Jones*, 1st Dist. Hamilton No. C-130625, 2014-Ohio-3345, to support his argument. In that case, the defendant was charged with firearm specifications in a 14-count indictment, but the specifications were dismissed. *Id.* at ¶ 1, 10.

{¶11}  *Jones* undermines Jones's argument. The *Jones* court found that "prison was appropriate here for the two offenses for which a firearm specification was charged." *Id.* at ¶ 11. Although the state dismissed the firearm specification to count 14 as part of the plea negotiations, the defendant did not challenge the assistant prosecutor's statement that "Jones carried out two of the breaking-and-entering offenses by shooting a gun at the businesses' windows." *Id.* Thus, this court in *Jones* affirmed the trial court's imposition of a prison term because, like here, the defendant had committed his crime with a firearm.

{¶12}  Jones pled to improperly handling a firearm in a motor vehicle, which prohibits a person from transporting or having a loaded firearm in a motor vehicle in a manner in which the firearm is accessible to the person. R.C. 2923.16(B). The

nature of this charge encompasses the use of a firearm. By pleading guilty to this charge, Jones admitted to having a firearm in the commission of this offense. *See State v. Gilbert*, 2d Dist. Clark No. 2014-CA-116, 2015-Ohio-4509, ¶ 7. Accordingly, this court cannot clearly and convincingly find that the record does not support the trial court's imposition of the 12-month sentence.

### III.    Conclusion

{¶13} The trial court's sentence was not contrary to law. Jones's sole assignment of error is overruled and the trial court's judgment is affirmed.

Judgment affirmed.

**ZAYAS, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion